OPINION
Defendant Michael Anthony Massey appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which convicted and sentenced him for complicity to commit involuntary manslaughter in violation of R.C. 2923.03, after a jury found him guilty. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 WHETHER THE JURY VERDICT FINDING APPELLANT GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
On December 2, 1998, appellant and four of his friends, Roger Ridley, Richard Smith, Michael Flowers, and Gary Young, were outside the Three Star Tavern in Massillon, Stark County, Ohio. Randy Hollman approached the five men and asked if they would sell him drugs. Gary Young told Hollman he had drugs for sale, but as Hollman approached the group, Young struck Hollman twice in the face, causing him to fall backward and hit his head on the curb. Young checked Hollman's pockets for weapons and belongings, and then dragged Hollman into the street and punched him repeatedly in the face. Richard Smith then approached Hollman and set fire to his shirt. The five men then separated, leaving Hollman lying in the street. Appellant, Flowers, and Smith drove a few blocks to the home of a mutual friend, and Young and Ridley arrived about five minutes later. After about ten to fifteen minutes, Young and Ridley left, and returned with the news that Mr. Hollman did not "look so hot". Flowers, Smith and appellant drove past Mr. Hollman who was still lying unconscious in the street. Hollman later died of multiple blunt force trauma to the head which resulted in subarachnoid hemorrhage. Massillon police officers investigated the case. Smith gave a statement which exculpated both appellant and Smith in the death of Randy Hollman. Appellant first made a statement implicating Gary Young for striking Hollman in the face and setting his body on fire. In a second statement, appellant later admitted he had lied about Young setting Hollman's body on fire, and in fact it was Richard Smith who set the fire. Smith testified for the State as a result of a plea agreement, wherein he agreed to cooperate with the prosecution, and was permitted to plead guilty to abuse of a corpse. Smith testified Young punched Hollman in the face twice, causing Hollman to fall hard on the ground. Smith testified that Young struck Hollman two or three more times as he lay unconscious in the street. Smith testified appellant poured beer on Hollman's face, and when Hollman began to cough, appellant kicked him two or three times on the right side of the head. Smith admitting then setting Hollman's coat on fire. Michael Flowers also testified, and his version of the events supported Smith's testimony. Appellant's girlfriend, and another woman, also testified on behalf of the State that the shoes appellant had been wearing that night had dark spots on them. Appellant's girlfriend testified she took appellant's shoes to Youngstown and threw them in a dumpster. In his sole assignment of error, appellant urges the jury's verdict was against the manifest weight of the evidence because it was Smith's testimony that implicated appellant in the death of Hollman. Appellant points out Smith had made a deal with the prosecution to assist in the prosecution of Gary Young and appellant. Smith also tried to put forth a scheme where he would be paid not to testify in appellant's trial. Appellant urges Smith's testimony is wholly unreliable and caused the jury to lose its way in reaching the decision that appellant was guilty. In State v. Thompkins (1997), 78 Ohio St.3d 380, the Ohio Supreme Court explained the concepts of sufficiency and weight of the evidence. The Ohio Supreme Court explained the weight of the evidence concerns the inclination of the greater amount of credible evidence offered to support one side of an issue. Weight of the evidence is not a question of mathematics, but depends upon its effect on inducing belief. Thompkins, at 387, citations. While the Supreme Court conceded the court of appeals sits as a "thirteenth juror" in weighing the credibility of witnesses on the manifest weight of the evidence, the Supreme Court nevertheless cautioned appeals courts to grant a new trial only in an exceptional case where the evidence weighs heavily against the conviction. If we determine the jury clearly lost its way and created a manifest miscarriage of justice, then the conviction should be reversed, Thompkins at 387. We have reviewed the record, and we find there is sufficient competent and credible evidence notwithstanding Smith's shortcomings as a witness, to entitle the jury to conclude beyond a reasonable doubt that appellant was guilty. The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
Gwin, P.J., Farmer, J., and Wise, J., concur